J-S61035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH EARL GIMBER | : | |
| | : | |
| Appellant | : | No. 551 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 6, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0005442-2017

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JANUARY 15, 2020**

Appellant Joseph Earl Gimber appeals the judgment of sentence entered by the Court of Common Pleas of Montgomery County after Appellant pled guilty to aggravated assault, burglary (threaten to commit bodily injury), and possession of an instrument of crime ("PIC").  Appellant challenges the discretionary aspects of his sentence.  We affirm.

The lower court aptly summarized the factual background and procedural history of this case as follows:

> On June 4, 2017 at 4:47 a.m., officers were dispatched to a residence in Perkiomenville, PA due to a report of a domestic incident in progress.  The caller, [Appellant's] ex-wife Angelique Gimber, reported to dispatchers that [Appellant] broke into her house carrying a baseball bat and had struck her friend over the head with the bat.

---

[*] Former Justice specially assigned to the Superior Court.

When officers entered the residence through the front door, they encountered shards of glass throughout the first floor of the property. A glass sliding door at the rear of the home had been shattered. Officers met with Ms. Gimber who was visibly shaken and informed police that [Appellant] had just left in a silver truck. Ms. Gimber stated that [Appellant] had used a baseball bat to smash in the rear glass sliding door to gain access to the home. [Appellant] subsequently walked upstairs and encountered Ms. Gimber, whom he shoved out of the way. [Appellant] walked over to Ms. Gimber's friend, Brian Gallen, and struck him over the head with the baseball bat before leaving the residence.

During their examination of the second floor of the residence, officers observed a large blood stain on the carpet of the doorway to the walk-in closet and blood smeared on the side wall of the walk-in closet. Officers observed Mr. Gallen had suffered a gaping wound to his head which was approximately three (3) inches in length and authorities had him transported to the hospital for treatment.

Authorities subsequently searched the surrounding area for [Appellant] and the silver truck described by Ms. Gimber. Officers eventually found the truck at an abandoned house marked with "No Trespassing" signs and located [Appellant] approximately three hundred (300) yards away on the wood line. [Appellant] refused to obey commands and ran back into the woods. Officers utilized a tracking K-9 and a state police helicopter to locate [Appellant] in the woods. [Appellant] again refused to listen to commands and officers apprehended him following a brief foot pursuit.

On May 9, 2018, [Appellant] entered an open guilty plea to the charges referenced above. On November 6, 2018, the court imposed a sentence of sixty (60) to one-hundred and twenty (120) months of imprisonment with respect to the aggravated assault charge, forty-two (42) to eighty-four (84) months of imprisonment with respect to the burglary charge and three (3) years of probation with respect to the [PIC] charge. The court ran these sentences consecutively, resulting in an aggregate sentence of one hundred and two (102) to two-hundred and four (204) months of imprisonment [eight and one-half (8½) to seventeen (17) years] and three (3) years of probation consecutive to the expiration of parole on the burglary charge. On November 16, 2018, [Appellant] filed timely post–sentence motions which the court denied on January 22, 2019.

On February 14, 2019, [Appellant] filed a timely notice of appeal. On February 21, 2019, the court issued an Order directing [Appellant] to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) (the "Concise Statement") within twenty-one (21) days. On February 28, 201[9], [Appellant] filed a timely Concise Statement.

Trial Court Opinion ("T.C.O."), 4/12/19, at 1-3.

Appellant raises one issue for review on appeal:

Did the Trial Court abuse its discretion in sentencing [Appellant] to a total term of not less than eight and one-half (8½) nor more than seventeen (17) years of total incarceration on the charges of Aggravated Assault and Burglary; where the applicable Sentencing Guidelines for said charges set forth Standard Ranges of sixty (60) to seventy eight (78) months and thirty (30) to forty two (42) months, respectively; and the charges were part of a single criminal episode?

1925(b) statement, 2/28/19, at 1.

The following principles apply to our consideration of Appellant's challenge to the discretionary aspects of his sentence:

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the

Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa.Super. 2018)

(quotation marks, some citations, and emphasis omitted).

In this case, Appellant has: (1) timely filed a notice of appeal, (2) preserved the instant issue in a post-sentence motion, and (3) included a Rule 2119(f) statement in his brief. We turn to the next requirement: whether Appellant raised a substantial question meriting our discretionary review.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* (quotation marks and some citations omitted).

Appellant's sentencing claim challenges the trial court's decision to impose consecutive sentences.

> A sentencing court's decision to impose consecutive as opposed to concurrent sentences generally does not present a substantial question. *See Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) (noting that the decision to impose consecutive or concurrent sentences lies within the discretion of the trial court). However, "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question... where the aggregate sentence is unduly harsh, considering the nature of the crimes and length of imprisonment." *Commonwealth v. Moury*, 992 A.2d 162, 171–172 (Pa. Super. 2010). *Accord Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa.Super. 2010) ("[A substantial question is presented when] the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue").

*Commonwealth v. Sarvey*, 199 A.3d 436, 455–56 (Pa.Super. 2018).

> [A] defendant *may* raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonweatlh v. Diehl*, 140 A.3d 34, 45 (Pa.Super. 2016) (citation omitted).

In his concise statement, Appellant raised a bald claim of excessiveness based on the consecutive nature of his sentences, claiming that his aggravated assault and burglary charges were part of a single criminal episode. However, in his post-sentence motion and appellate brief, Appellant claimed the trial court failed to consider his rehabilitative needs. A "challenge to the imposition of consecutive sentences as unduly excessive, together with a claim that the trial court failed to consider the defendant's rehabilitative needs upon fashioning its sentence, presents a substantial question." *Commonwealth v. Bonner*, 135 A.3d 592, 604 (Pa. Super. 2016) (quoting *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa.Super. 2015) (*en banc*)).

Nevertheless, Appellant is not entitled to any relief on his sentencing claim. While Appellant challenges his aggregate term of imprisonment of 8½ to 17 years' imprisonment, he fails to recognize that the trial court imposed individual standard range sentences for each offense. Further, the trial court considered a pre-sentence investigation report (PSI) before imposing his sentence. It is well-established that:

where the sentencing court had the benefit of a PSI, we can assume the sentencing court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

*Commonwealth v. Radecki*, 180 A.3d 441, 471 (Pa.Super. 2018) (quoting *Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013)) (internal brackets omitted).

Appellant committed two distinct crimes against two different victims. Appellant broke into his former wife's home in the middle of the night, invading the sanctity of her home by smashing her glass sliding door with a baseball bat. Thereafter, Appellant violently assaulted his former wife's friend with a deadly weapon by hitting him in the head with the bat. Appellant does not address these distinctions and suggests he is entitled to a volume discount.

It is well-established that "defendants convicted of multiple offenses are not entitled to a 'volume discount' on their aggregate sentence." *Commonwealth v. Foust*, 180 A.3d 416, 434 (Pa.Super. 2018). This Court has held that "[t]he mere fact that the crimes arose out of the same incident does not mean that Appellant is entitled to receive concurrent sentences." *Bonner*, 135 A.3d at 605. Accordingly, we conclude that the trial court properly exercised its discretion in imposing consecutive sentences.

For the foregoing reasons, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/15/20</u>